62  175
69  125

### JOHN C. BRINK v. CHARLES BLAZER.

Argued February 15, 1898—Decided June 13, 1898.

In docketing a judgment under the supplement to the Justice's Court act, approved March 9th, 1891 (*Gen. Stat.*, p. 1896), there must be filed with the clerk of the Common Pleas an oath or affirmation of the party, his attorney or agent, that he believes the debtor is not possessed of goods and chattels sufficient to satisfy the amount due.

On *certiorari*.

Before Justices DIXON and COLLINS.

For the prosecutor, *Oscar Jeffery.*

For the defendant, *Martin Wyckoff.*

The opinion of the court was delivered by

DIXON, J.    The matters brought under review by this writ of *certiorari* are a judgment rendered February 1st, 1879, in a Court for the Trial of Small Causes, and the docketing of the judgment in the Warren County Court of Common Pleas, June 14th, 1897.

The reasons assigned for reversing the judgment are, first, that the constable's return upon the summons does not state the year of service, and second, that the justice's docket does not show the day to which, on return of the summons, the cause was adjourned.

The docket shows that the summons was issued January 18th, 1879, and was returned January 25th, 1879, and the constable's return alleges service January 20th.    Necessarily that must have been January 20th, 1879.

The docket alleges adjournment to February 1st, adding "at which time plaintiff appeared" and the trial was held. All this is entered in the docket under the year date "1879." The adjournment must therefore have been to February 1st, 1879.

No sufficient reason is assigned for the reversal of the judgment.

Of the objections made to the docketing of the judgment in the Common Pleas, only one need be noticed.

The docketing was attempted under the supplement to the Justice's Court act, approved March 9th, 1891 (*Gen. Stat., p.* 1896), which enacts that (with some irrelevant exceptions) the proceedings shall be in accordance with the seventy-second section of said act.    One of the clauses of that section requires, as a preliminary to the docketing, that there be filed with the clerk of the Common Pleas an oath of the plaintiff

or his agent that " he believes the debtor is not possessed of goods and chattels sufficient to satisfy the amount due." In the attempt to docket this judgment such an oath was not filed. For this defect the docketing is void (*Tasto* v. *Klopping*, 14 *Vroom* 448), unless the act of April 4th, 1892 (*Gen. Stat.*, *p.* 1898), has dispensed with such an oath. Without considering whether this statute has such effect in any case, we think its words confine its operation to the docketing of judgments where there is filed with the clerk of the Common Pleas a statement of the judgment, signed and sealed by the justice before whom it was rendered, and cannot be extended to cases like the present, in which the docketing rests upon a transcript made by the county clerk.

The docketing of the judgment must be set aside.

The plaintiff in *certiorari* may have judgment for costs, not including, however, the expense of taking and printing the testimony.